282 So.2d 55

**Bill GREEN**

v.

**STATE.**

**5 Div. 122.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Lewis H. Hamner, Jr., Roanoke, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant in this cause was tried and convicted for murder in the second degree and sentenced to imprisonment for 12 years.

No motion to exclude the evidence nor motion for a new trial was made by the appellant. The affirmative charge in writing was requested by the appellant and refused by the court. In view of this action of the court, it is appropriate to set out a brief statement of the evidence.

The evidence offered by the State tends to show that on Sunday night, August 8, 1971, the appellant and Eddie Laws went to the home of a Mrs. Taylor looking for appellant's sister, Bobbie, and her small daughter, Barbara, both of whom had been away from home for several days or more with the deceased, Shorty Gosdin. At that time, he asked his sister to come home and was advised by her that she would be on in a little while. This was in the presence of Horace Parmer, Eddie Laws, Mildred Taylor, Bonnie Knight, and Gosdin. Later, within an hour or so, the appellant returned, still accompanied by Eddie Laws. Failing to find his sister, her child, and Shorty there, he was directed to the trailer of Horace Parmer, which was located about a quarter of a mile from the Taylor home. Appellant and Eddie Laws entered the Parmer home and immediately saw Shorty Gosdin, Bobbie, and her daughter, Barbara, sitting in the living room. During appellant's last visit to the Taylor home, he is quoted by Bonnie Knight as saying, ". . . if he run up on him [Vernon Gosdin] 'I might have to kill him'." Shortly thereafter, Mrs. Taylor and Bonnie Knight heard two shots and went to the Parmer home where they found Shorty Gosdin sitting uprightly on a couch dead from what appeared to be shotgun wounds in his chest. Appellant and Eddie Laws were present, along with Parmer, who testified that at the time of the shooting he was in

an out building and thought the sound of shooting came from firecrackers being exploded. The appellant had a shotgun with him at the time and during that afternoon. Two empty shells which had been fired, were found in the building.

Dr. Gerald Everett testified that later in the afternoon he examined the body of Shorty Gosdin who had died as a result of shotgun wounds in the upper part of the chest.

The appellant, who had plead not guilty and self-defense, did not deny the shooting, but said that he fired only after Shorty Gosdin showed a pistol and pointed it toward him as he was standing just within the door of Parmer's trailer. A .32 caliber automatic pistol was found in Gosdin's hand by a deputy sheriff who helped investigate the incident.

Under the circumstances reflected in the evidence, there was no error in refusing the affirmative charge for the appellant.

The court reporter shows that at the completion of the court's general (or oral) charge the trial judge announced that he was giving certain written charges requested by the defendant. Nowhere in the record do these charges appear.

Because of the absence of these charges, which were undoubtedly given, we cannot review the applicability of the charges which were refused.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.